**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE P. SCHMIDT; FUTUREGEN COMPANY d/b/a FUTUREGEN CAPITAL; COMMERCIAL EQUITY PARTNERS, LTD.; FGC DISTRESSED ASSETS INVESTMENT #1, LLC; FUTUREGEN CAPITAL DDA CG FUND LLC; FGC TAX LIEN FUND #2, LLC; FGC TRADING FUND #1 LLC; FGC SPE NO 1 LLC; FGC SPE NO 2 LLC; AND FGC CM NOTE FUND LLC, <br><br> Defendants. | Case No. 1:14-cv-01002 (CRC) |

## ORDER DISCHARGING RECEIVER AND TERMINATING RECEIVERSHIP AND APPROVING FINAL EXPENSE PERIOD

On July 3, 2014, this Court entered an Order establishing the receivership estate of FutureGen Company, et al. (the "Appointment Order") and appointing Marion A. Hecht as Receiver ("Receiver").

The Court having reviewed the Receiver's Notice that the IRS has accepted all receivership tax returns as filed and that there are no further issues with such returns; and it further appearing that the Receiver has provided no less than thirty (30) days' notice to all approved claimants and taxing authorities in this receivership proceeding of the proposed entry of this order and there being no objections to the draft Discharge Order appended to this

Court's Order entered May 1, 2019;[1] and the Receiver confirms that the Court-approved final distribution to the approved claimants has been made and that all approved claimants have cashed their checks, and it further appearing that Counsel for SEC advised the Receiver that SEC has no objection to the shredding of the receivership hard copy documents, the administration of this receivership estate is therefore complete and that the Receiver has fulfilled her responsibilities efficiently and effectively as Receiver.

It is hereby ORDERED that:

1. The Receivership and Marion A. Hecht's appointment as Receiver in this matter is hereby terminated. Marion A. Hecht, Receiver, shall be, and hereby is, fully relieved and discharged of all her duties and obligations and any duties or obligations incident to her service or appointment as Receiver in this matter under the order appointing receiver entered by this Court on July 3, 2014 (Docket Entry #17).

2. The Receiver, as well as her firm, CliftonLarsonAllen LLP, and its accountants, consultants or other professionals, Receiver's counsel, David Daneman, as well as his firm, Whiteford Taylor and Preston L.L.P., and Receiver's Special counsel and their firms[2] (collectively, "Releasees") shall not be liable for any and all claims and causes of action, whether known or unknown, arising out of, or relating in any way to their good faith (i) compliance with any order, rule, law, judgment or decree; and (ii) performance of their duties and responsibilities in this receivership case and the administration of the receivership estate, including without limitation: (a) claims by any governmental entity or other party for any fees, charges or liabilities asserted in connection with the administration of this receivership estate

---

[1] *See* Exhibit 4 to the Receiver's Line Submitting Order Discharging and Terminating Receiver for a redline PDF of the Draft Discharge Order previously approved by this Court.

[2] This Court has approved the Receiver's retention of local counsel Law Offices of Eric Howell Sayles, PLLC in Washington, DC; Leach Kern Gruchow Anderson Song, Ltd. in Nevada; and Stanko McCarthy Law Group in Illinois.

2

with the exception of the Internal Revenue Service for the limited remaining time periods for the 2018 and 2019 tax return statutory closing periods which expire October 20, 2020 and January 17, 2019 respectively;[3] (b) claims by any creditors, investors, parties in interest, and any owners, stockholders, members, managers or persons in control of FutureGen Company, et al., including, without limitation, Defendant Lawrence Schmidt; and (c) any claims relating to the filing of any local, state, or federal tax returns, personal property returns and any compliance/reporting for the receivership estate, FutureGen Company, et al. or the reporting of any income, assets, or tax consequences to any person or entity; and (iii) actions taken or omitted by them, or any of them, but excepting any actions or omissions by Releasees, or any of them, found by the Court to be in bad faith or to constitute gross negligence or reckless disregard of their duties in this receivership proceeding.

3. Any professional fees or expenses as reflected on the SFAR that were paid in the ordinary course of business or operations since the Court's entry of the Appointment Order out of the assets of FutureGen Company, et al. and not previously approved by prior order of this Court, are hereby approved.

4. Upon entry of this Order, all creditors, claimants, investors, and parties in interest shall be, and hereby are, permanently and forever barred, restrained and enjoined from taking any action to impose, or seek to impose, liability on Releasees, or any of them, without

---

[3] The Receiver informed the Court in Section III of the Receiver's Motion for Third and Final Distribution filed August 16, 2019, which this Court approved by Order entered August 28 2018, that the IRS "accepted as filed" the 2018 and 2019 returns and that no further action was required by the Receiver. The Receiver also described that while she received written confirmation that IRS accepted the tax returns filed for the reporting periods 2014 through 2017 from the Cincinnati IRS office, the Ogden, Utah IRS office handled the 2018 and 2019 tax returns and the corresponding forms 4810 seeking prompt determination. As a result of multiple communications with Barbara Madsen, IRS Representative at Ogden Utah, who is responsible for the prompt determination of the FutureGen 2018 and 2019 tax returns, she confirmed that the notification "accepted as filed" is noted in the IRS computer and there is no tax due for those periods; however, her office (IRS Ogden Utah) keeps tax matters open for the 18 month statutory period allowed for the prompt determination of receivership qualified settlement funds. She further stated there will be no written communication from IRS after the close of the two statutory periods of October 20, 2020 and January 17, 2019, respectively (Docket Entry #248 and #259).

first obtaining relief to do so from this Court, except to the extent that any such claim is a claim described in the exception set forth in paragraph 2(iii) of this Order.

5. Payment to CliftonLarsonAllen LLP ("Clifton") in the amount of $50,263.32 for the services of the Receiver and for accounting and other services in support of the Receiver performed during the final expense period of February 16, 2019 through the termination of the Receivership, representing one hundred percent (100%) of the Receiver's fees, is APPROVED and may be paid by the Receiver at this time.

6. Payment to Clifton in the amount of $698.19 for expenses incurred during the final expense period February 16, 2019 through the termination of the Receivership, representing one hundred percent (100%) of the Receiver's expenses, is APPROVED and may be paid by the Receiver at this time.

7. Payment to Clifton in the amount of $126,796.81, such payment representing the remaining 50% of the *20% held back* from June 16, 2014 through February 15, 2019, is APPROVED and may be paid by the Receiver at this time; and

8. Payment to Receiver's Counsel, Whiteford Taylor and Preston L.L.P. ("Receiver's Counsel") in the amount of $4,521.00 for services performed during the final expense period February 16, 2019 through the termination of the Receivership, representing one hundred percent (100%) of the Receiver's Counsel's fees, is APPROVED and may be paid by the Receiver at this time.

9. Payment to Receiver's Counsel in the amount of $33,737.85, such payment representing the remaining 50% of the *20% held back* from June 14, 2014 through February 15, 2019, is APPROVED and may be paid by the Receiver at this time.

10. Payment to Stanko McCarthy Law Group ("Receiver's Special IL Counsel") in the amount of $2,250.00 for services performed during the final expense period February 16,

4

2019 through the termination of the Receivership, representing one hundred percent (100%) of the Receiver's Special IL Counsel's fees, is APPROVED and may be paid by the Receiver at this time.

11.     Payment to Receiver's Special IL Counsel in the amount of $482.55 for expenses incurred during the period February 16, 2019 through the termination of the Receivership, representing one hundred percent (100%) of the Receiver's Special IL Counsel's expenses, is APPROVED and may be paid by the Receiver at this time.

12.     Payment to Receiver's Special IL Counsel in the amount of $164.64, such payment representing the remaining 50% of the *20% held back* from October 24, 2014 through February 15, 2019, is APPROVED and may be paid by the Receiver at this time.

13.     Payment to Receiver's Special District of Columbia Counsel, Law Offices of Eric Howell Sayles, P.L.L.C. ("Receiver's Special DC Counsel"), in the amount of $1,003.50 such payment representing the remaining 50% of the *20% held back* from August 19, 2014 through February 15, 2019, is APPROVED and may be paid by the Receiver at this time.

14.     Payment to Receiver's Special NV Counsel, Leach Kern Gruchow Anderson Song, Ltd. ("Receiver's Special NV Counsel"), in the amount of $6,030.90, such payment representing the remaining 50% of the *20% held back* from August 14, 2014 through February 15, 2019, is APPROVED and may be paid by the Receiver at this time.

15.     Nothing in this Order shall be construed as releasing or discharging the obligation owed by Defendant Lawrence Schmidt to the Securities and Exchange Commission pursuant to the Final Judgment entered in this matter on October 3, 2018, Docket No. 222. Likewise, nothing in this Order shall be construed as releasing or discharging any other obligation that is, or may be, owed by Defendant Lawrence Schmidt to the Securities and Exchange Commission, Department of Justice, any creditor, lender, investor, or victim.

16.     This Court shall retain jurisdiction over any and all matters relating to the administration of this receivership estate.

IT IS SO ORDERED, this 4th day of November, 2019.

Christopher R. Cooper
United States District Judge